(December 13, 1984)

■ Insurance Company of North America, Respondent, v Manufacturers Hanover Trust Company, Defendant and Third-Party Plaintiff, and Dollar Dry Dock Savings Bank, Appellant and Third-Party Defendant-Appellant. — Judgment, Supreme Court, New York County (Amos Bowman, J.), entered April 20, 1984, *inter alia,* awarding judgment as against appellant, Dollar Dry Dock Savings Bank, upon the order of said court, entered February 8, 1984, which had, *inter alia,* denied appellant's motion and granted plaintiff's cross motion for summary judgment, unanimously modified, on the law, with costs and disbursements, to deny plaintiff's motion for summary judgment, vacate the judgment as against appellant and otherwise affirm. The appeal from the said order (same court), entered February 8, 1984, is dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff, as subrogee of ACLI International Commodities Services, Inc., brought this action to recover for the conversion of three United States Treasury notes in the total face amount of $30,000. The notes, received by ACLI on July 29, 1982, each with a maturity date of August 15, 1982, were discovered to be missing from ACLI's safe on August 3, 1982. One day earlier, the notes had been presented to appellant for collection by one of its customers and were then transmitted to appellant's agent, Manufacturers Hanover Trust, which submitted them, in turn, to the Federal Reserve Bank on August 20, 1982. Federal Reserve paid the notes on August 23, 1982, despite having received earlier notification from ACLI of the loss when the notes were discovered to be missing. Thereupon, on August 27, 1982, Federal Reserve notified ACLI that the notes had been redeemed. The proceeds of the notes were remitted to appellant, who, on August 30, 1982, credited its customer's account.

Special Term granted plaintiff summary judgment against appellant, finding insufficient appellant's assertions that it had acted in accordance with reasonable commercial standards in accepting the notes for collection. It concluded that there had been no showing of any inquiry as to whether the notes were lost

or stolen or subject to any adverse claims, as required by 17 CFR 240.17f-1(d). The court also dismissed the complaint as against Manufacturers Hanover, finding no evidentiary basis to conclude that that defendant had deviated from its obligation, as a reporting institution, in failing to make the required inquiry with respect to the bearer notes. The appeal is limited to so much of the judgment as awarded plaintiff summary judgment as against Dollar Dry Dock Savings Bank.

We are in agreement that Special Term erred in granting summary judgment and find sufficient factual issues here to preclude summary disposition. Section 8-318 of the Uniform Commercial Code provides that an agent or bailee who, in good faith, receives securities and sells, pledges or delivers them in accordance with the instructions of his principal, is not liable for conversion or breach of fiduciary duty, although the principal may not have had the right to dispose of them. The statute further imposes upon such agents or bailees who are "in the business of buying, selling or otherwise dealing with securities" the obligation of "observance of reasonable commercial standards". As applied here, the record is not conclusive as to whether appellant was in the business of "buying, selling or otherwise dealing with securities" so as to be held to the obligation to adhere to reasonable commercial standards, although a commercial bank has been found subject to that standard (see *United States Fid. & Guar. Co. v Royal Nat. Bank,* 545 F2d 1330).

In any event, whether appellant's actual conduct conformed to either a good-faith standard or the observance of reasonable commercial standards poses a factual issue, inappropriate for resolution on motion for summary judgment. The record does not set forth in sufficient evidentiary form the necessary facts dealing with the circumstances surrounding the presentment of the notes for collection, including the relationship of the depositor to appellant, the particulars with respect to the customer's account and the nature of the transaction. These matters require further factual exploration. We note that when appellant accepted the notes for collection on August 2, 1982, they had not as yet been reported missing and, although it appears that the Federal Reserve Bank was notified of the loss on August 3, it paid the notes three weeks later, on August 23, 1982. Under the circumstances, we deem it advisable that final resolution with respect to the circumstances of redemption of the notes await the trier of the facts.

Moreover, inasmuch as the complaint, as against appellant, proceeds on a legal theory of conversion, it was essential to

plaintiff's prima facie case to establish plaintiff's subrogor's ownership of the notes, proof of which we find lacking on this record. Concur — Murphy, P. J., Kupferman, Sullivan, Ross and Kassal, JJ.